UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREG GARNO, 15-B-0533,

          Plaintiff,

                   **DECISION AND ORDER**
   v.                 14-CV-239-A

CLAY RUGER,
RONALD SPIKE,
JASON COOK, and
THE COUNTY OF YATES,

          Defendants.

  This *pro se* civil-rights case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On September 19, 2017, Magistrate Judge Schroeder filed a Report and Recommendation (Dkt. No. 29) recommending that the Defendants' motion to dismiss the amended complaint (Dkt. No. 20) be granted in part. The Magistrate Judge recommends that Defendant County of Yates be dismissed as a party to the action, and that Plaintiff Garno's state law claims for interference with contract be dismissed. The Magistrate Judge further recommends that the motion to dismiss Plaintiff's federal procedural due process, equal protection, and interference with access to the courts claims be denied as to defendants Cook, Spike and Rugar.

  The Court has carefully reviewed the Report and Recommendation, the record in this case, and no objections to the Report and Recommendation having been timely filed, it is hereby

**ORDERED**, pursuant to 28 U.S.C. § 636(b)(1), the Defendants' motion to dismiss the amended complaint pursuant Fed. R. Civ. P. 12(b)(6) is granted in part and denied in part, as specified above. The Court adopts the reasoning of the Report and Recommendation expect to the limited extent the right of access to courts reasoning is predicated exclusively upon on a Sixth Amendment right to counsel and not upon a First Amendment right of access[1].

The Clerk shall enter Judgement in favor of the County of Yates. The case is recommitted to Magistrate Judge Schroeder for further proceedings.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: January 23, 2018

---

[1] *Compare Christopher v. Harbury*, 536 U.S. 403, 413 (2002) (First Amendment right of access to courts) *with Heck v. Humphrey*, 512 U.S. 477, 479-89 (1994) (A 42 U.S.C. § 1983 damages remedy is not ordinarily available unless an underlying state-court conviction is invalidated).