UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**GREG GARNO, 15-B-0533,**

                             **Plaintiff,**                  14-CV-239A(Sr)

**v.**

**CLAY RUGER, et al.,**

                            **Defendants.**

---

## DECISION AND ORDER

Plaintiff commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983, on April 8, 2014. Dkt. No. 1. Plaintiff alleges that while he was housed in the Yates County Jail awaiting trial on arson charges, defendants refused to let him be deposed by his insurance company regarding fire damage to his home. Dkt. No. 18-1. As a result, the insurance company did not investigate and denied his claim, depriving him of both the insurance proceeds and the evidence to defend himself against criminal arson charges. Dkt. No. 18-1. Currently before the Court is plaintiff's motion for appointment of counsel and to stay his deposition. Dkt. No. 38. In support of his motion, plaintiff argues that he is limited in "his ability to litigate" due to his imprisonment, and is concerned that he "might be asked to say things" during his scheduled deposition that will compromise his criminal appeal. Dkt. No. 38, pp. 2-3.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d

Cir. 1988). Assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying

counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff has demonstrated that he is capable of presenting his case to the Court. Plaintiff's complaint and amended complaint set forth the factual basis of his claims. Dkt. Nos. 1 & 18. Although plaintiff successfully opposed defendants' motion to dismiss (Dkt. Nos. 20, 29, 35), it is not clear that he is entitled to any relief. In this regard, his claims do not appear to be "of substance." *Hendricks*, 114 F.3d at 392. Moreover, plaintiff's case is not complex and involves only two issues: (1) whether officials barred counsel from plaintiff's insurance company from deposing plaintiff at the jail; and (2) whether the insurance company's inability to depose plaintiff negatively impacted the outcome of his insurance claim or his criminal case. This secondary question hinges on whether plaintiff intentionally set the fire in his home or not, information that only plaintiff can know since he was apparently present when the fire started. Dkt. No. 20-2, pp. 2-3.

Regarding plaintiff's concerns that his civil deposition could have "serious legal ramifications" for his criminal case, plaintiff states that he is represented by counsel on his criminal appeal. Dkt. No. 38, p. 3. Plaintiff has sought advice from this attorney as to what effect, if any, his testimony could have on his pending appeal. Dkt. No. 38, p. 3. Therefore, there is no need to appoint counsel or delay plaintiff's deposition.

Based on the foregoing, this Court finds that plaintiff has not established that the appointment of counsel is warranted at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Plaintiff's request for appointment of counsel (Dkt. No. 38), is denied without prejudice. The parties shall proceed with the February 23, 2018 deposition as scheduled.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**February 22, 2018**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**